IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BEAURMONT CORTISHAE-ETIER,**

      **Plaintiff,**

      v.                                                                                      CASE NO. 24-3237-JWL

**FORD MOTOR COMPANY,**
**et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. On December 26, 2024, the Court granted Plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee in the amount of $15.50, calculated under 28 U.S.C. § 1915(b)(1). (Doc. 4.) The order provides that the failure to pay the initial partial filing fee or file an objection by January 9, 2025, "may result in the dismissal of this matter without further notice." *Id*. Plaintiff has failed to pay the fee or file an objection by the Court's deadline.[1]

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F.

---

[1] Plaintiff's claims appear to stem from the alleged misuse of confidential data collected from the vehicles Plaintiff obtained from Ford. The Court notes that Plaintiff raised similar claims in *Cortishae-Etier v. Ford Motor Co*., Case No. 23-3081-EFM-TJJ (D. Kan.). In that case, the Court granted the motion to dismiss filed by Defendants Ford, Ford CIRT/Ford Investigations, Price, and Doe. *Id*. at Doc. 36. The Court also granted the motion to dismiss filed by Ford Global Technologies for lack of personal jurisdiction, and granted the motion construed as a motion for judgment on the pleadings filed by Shawnee Mission Ford. *Id*. at Doc. 40. Plaintiff names these same defendants in his current case. "Collateral estoppel, or issue preclusion, is available in actions under § 1983." *Williams v. Henderson*, 626 F. App'x 761, 763 (10th Cir. 2015) (unpublished) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)). "The doctrine applies when (1) the issue previously decided is identical with the one presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior litigation, and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action." *Id*. (citing *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009)).

App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to submit the initial partial filing fee or to file an objection by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied.**

**IT IS SO ORDERED**.

Dated January 16, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
