IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BEAURMONT CORTISHAE-ETIER,**

    **Plaintiff,**

    v.　　　　　　　　　　　　　　　　　　CASE NO. 24-3237-JWL

**FORD MOTOR COMPANY,**
et al.,

    **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Beaurmont Cortishae-Etier is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff's claims stem from the alleged misuse of confidential data collected from the vehicles Plaintiff's company—Novelte or NFG—obtained from Ford. Plaintiff states in his Complaint that "[t]his litigation stems from [a] breakdown in the negotiation[s] between Novelte Food Group and Bell Foods International in part due to Ford Motor Company's tortious conduct negligent release of confidential and proprietary business information." (Doc. 1, at 2) As Count I, Plaintiff alleges negligence and negligent disclosure, arguing that Ford was "bound by a fiduciary duty of non-disclosure" and despite its knowledge of an ongoing relationship with Novelte and Ally Bank, Ford interfered with Novelte's leasing contract with Fermiermarche "so

as to prevent the execution of leasing agreement and deter Fermiermarche from continuing to do business with Novelte."[1] *Id*. at 3.  Plaintiff claims that "Defendant" owed "them" a duty of care "in using, handling, storing, releasing, and disclosing confidential proprietary data and information." *Id*.

As Count II, Plaintiff alleges unjust enrichment, stating that "upon receipt of their respective payments under the leasing agreement defendants were unjustly enriched at the expense of the plaintiff—intentionally willingly agreed to further its plan by continuing to divert proceeds from Novelte's proprietary confidential data and information to the benefit of Defendant and not to the plaintiff." *Id*.

As Count III, Plaintiff states "see attached complaint." *Id*. at 4.  Plaintiff attaches another "complaint" to his Complaint on the Court-approved form.  *See* Doc. 1–1.  In the attached complaint, Plaintiff states that he is the founder and principal of Novelte Food Group, Inc., and alleges abuse of process and breach of contract, as follows:

> (1) tortious interference with contract contractual relations; (2) tortious interference with contractual relations, (3) tortious interference with prospective economic advantage, (4) negligent interference with prospective economic advantage, tortious interference with business relations and tortious interference with specific performance of the [LOI] Letter of Intent; Purchase and Sales agreement (5) intentional misrepresentation; (6) negligent misrepresentation; (7) unjust enrichment; (8) common law invasion of privacy; (9) intentional infliction of emotional distress; (10) unlawful access to stored communication; (11) unlawful search and seizure; (12) breach of privacy; (13) violation of the Stored Communications Act; (14) violation of the Computer Fraud and Abuse Act (15) violation of the Federal Wiretap Act (16) violation of "the (OPPA) 18 U.S.C. §§ 2171 through 2125;" (17) violation of the Electronic Communications Privacy Act (18) violation of "the Privacy Protection Act (PPA), 42 U.S.C.S. § 2000aa et seq.," (19) "unlawful access to stored communications

---

[1] In Plaintiff's attached complaint, he states that "Carrier Freight Systems, Modern soil dynamics, Ltd, Fermiermarche Gourmet Provision, LLC and Wholesome Grocery Solution are wholly owned subsidiaries of Novelte Food Group, Inc." (Doc. 1–1, at 2.)

> [under] 18 U.S.C. § 2701 [and] 42 U.S.C. § 1983;" (20) violation of the "Kansas Invasion of Privacy Act;" (21) trespass and conversion; (22) conspiracy; (23) negligent release of confidential information; (24) negligent infliction of emotional distress; (25) statutory and simple negligence; (26) violation of the Kansas Consumer Protection Act; (27) violation of the Fourth Amendment; and (28) denial of liberty without due process of the law.

*Id*. at 1.

In addition to the above, the attached "complaint" that is supposed to encompass Count III, includes 31 pages of single-spaced assertions.[2] In summary, Plaintiff alleges that Ally Bank is the primary lender for the retail installment agreement between Novelte Food Group, Inc. ("Novelte" or "NFG") and Ford Motor Company, and Shawnee Mission Ford was responsible for the marketing and sale of "the Ford and related products in North America." *Id*. at 2. Plaintiff alleges that under the contract, Ford had no right to disclose NFG's confidential and proprietary business information and data. *Id*. at 3. Plaintiff alleges that Ford took control and collected geo-locational data for its own benefit, thereby terminating the retail sales contract and terminating a planned merger and acquisition by NFG of Bells Food International. *Id*. at 7.

Plaintiff alleges that:

> Edwin Price Shawnee Mission Ford, Ford Motor Company, Ford Motor Credit, collectively has transferred leverage and disseminated Plaintiff sensitive, non-public, private, confidential, proprietary business information and data to Law enforcement without warrant at Ford Motor Company's behest in order to

---

[2] Although Plaintiff uses a form complaint, as Count III he references another attached complaint. The attached complaint is a 31-page single-spaced document that includes over 50 pages of exhibits. It includes a list of 27 causes of action on the first page without any factual assertions set forth for each claim. Instead, it includes a running narrative over the next 31 pages. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint fails to comply with this rule. "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)).

> effectuate an unlawful arrest or transfer or repossess plaintiff vehicles to improve and enhance its products and services, contrary to plaintiff making payments on time.
>
> Plaintiff alleges that Ford place these assets beyond Plaintiff's reach, as evidenced by the fact that they were transferred between KCKPD and Shawnee Mission Ford, Ford Motor Company, Ford Motor Credit, at KCKPD request.

*Id*. at 8 (errors in original).

Plaintiff alleges that Ford intentionally interfered, resulting in Shawnee Mission Ford's refusal to renew leases or to approve the purchase of additional vehicles, "which ultimately lead [sic] to its default under (3) contracts." *Id*. Plaintiff alleges that Ford conducted an unlawful repossession, and disclosed geo-locational data without consent in order to help effectuate seizure of the vehicle. *Id*.

Plaintiff names as defendants: Ford Motor Company; Ford Global Technologies; Shawnee Mission Ford; Edwin Price; John Doe; Ford CIRT; Ford Investigations; and Ford Motor Credit. Plaintiff seeks compensatory and punitive damages. (Doc. 1, at 5.)

**II. Statutory Screening**

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

> at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition,

4

the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Jurisdiction**

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

Plaintiff claims that he is bringing his claims under 42 U.S.C. § 1983. *See* Doc. 1, at 1. He states that:

> This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation under color of law of rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendment. The court has jurisdiction over this action pursuant

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Jurisdiction**

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

Plaintiff claims that he is bringing his claims under 42 U.S.C. § 1983. *See* Doc. 1, at 1. He states that:

> This action arises under and is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation under color of law of rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendment. The court has jurisdiction over this action pursuant

> to 28 U.S.C. § 1331 and 1343. The court has supplemental jurisdiction over the plaintiff['s] state law tort claims under 28 U.S.C. 1367.

Doc. 1–1, at 29.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). Plaintiff names private companies and individuals working for them as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law. Therefore, any claim under § 1983 is subject to dismissal.

Likewise, § 1343 is limited to state action. Section 1343(a)(1) provides for the Court's original jurisdiction of any civil action authorized by law to be commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343(a)(1). Section 1343 "is limited to cases involving state action, which means deprivation of right by a state officer under the authority or pretended authority of state law." *Robles v. State Farm Ins.*, 509 F. App'x 748, 750 (10th Cir. 2013) (unpublished) (quoting *Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978)). The violation of state law does not satisfy the "state action" requirement. *Id*. (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 940–41, 102 S. Ct. 2744, 73 L.Ed.2d 482 (1982) (no state action where plaintiff alleged private actors deprived him of his property in violation of

state law; "private misuse of a state statute does not describe conduct that can be attributed to the State"); *see also Dahlberg v. Becker,* 748 F.2d 85, 90–91 (2d Cir. 1984) (private parties' violation of a valid state law's notice provision leading to plaintiff's arrest and imprisonment does not constitute state action)).

Even if Plaintiff could show state action, any claim under the statute would be subject to a two-year statute of limitations. "The federal statutes invoked by Plaintiff (28 U.S.C. § 1343, which references 42 U.S.C. § 1985) do not provide a specific statute of limitations . . . [t]he Tenth Circuit has held that civil rights actions should be considered to be violations of personal rights, thus the Court should apply the appropriate state statute of limitations." *Caddell v. City of Wichita*, 2007 WL 9724589, at *3 (D. Kan. 2007) (citations omitted). "The relevant Kansas statute, K.S.A. § 60-513(a)(4), provides a two-year statute of limitations for an 'injury to the rights of another.'" *Id*. In Plaintiff's prior case filed in this Court on March 24, 2023, he claims that that the incident regarding NFG's geo-locational data occurred in October and November of 2021. *See Cortishae-Etier v. Ford Motor Co*., Case No. 23-3081-EFM-TJJ, Doc. 1, at 2 (D. Kan.). Plaintiff filed his Complaint in the instant case on December 24, 2024. In this case, Plaintiff alleges that NFG's confidential information was used by Defendants between September 2021 and October 2021. (Doc. 1–1, at 20.) Thus, any claim under this statute appears to be time-barred.

Plaintiff does mention two additional federal statutes. Plaintiff cites to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. *See* Doc. 1–1, at 9 (referencing information disclosed to law enforcement and the media and claiming that Defendants violated the Act by accessing the vehicle's geological information). That statute provides in part that:

> **(f)** This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law

>enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States.
>**(g)** Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. § 1030 (f) and (g) (footnote omitted).  As noted above, any claim under this statute also appears to be time-barred.

Plaintiff also alleges a violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2517, 2520 and 2707.  (Doc. 1–1, at 25–26.)  Plaintiff alleges that Defendants used Ford's computer equipment, software, and network, to access and disclose Novelte's confidential data to law enforcement. *Id*. at 25.  However, the sections creating private causes of action contain two-year statutes of limitations.  *See* 18 U.S.C. § 2520(e) ("A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."); 18 U.S.C. § 2707(f) (same).[3]

Although Plaintiff asserts additional state law claims, "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)

---

[3]  Plaintiff mentions the Stored Communications Act at Doc. 1–1, at 26. Civil actions under the Act (18 U.S.C. § 2701(a)) are subject to the two-year statute of limitations in § 2707(f).

(quotations omitted); *see also Foxfield Villa Assocs., LLC v. Robben*, 967 F.3d 1082, 1103 (10th Cir. 2020) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.") (citation omitted).

### 2. Collateral Estoppel/Claim Preclusion

Plaintiff's claims are based on NFG's contracts with Ford. Plaintiff raised similar claims in *Cortishae-Etier v. Ford Motor Co.*, Case No. 23-3081-EFM-TJJ (D. Kan.). In that case, the Court granted the motion to dismiss filed by Defendants Ford, Ford CIRT/Ford Investigations, Price, and Doe. *Id*. at Doc. 36. The Court found as follows:

> On March 24, 2023, Plaintiff filed a Complaint raising numerous violations of various federal statutes and state law causes of action, arising from allegations of unauthorized disclosures of a Ford Bronco's GPS ping coordinates to law enforcement. As best as the Court can determine, Plaintiff asserts the following claims: (1) breach of contract; (2) tortious interference with contract; (3) tortious interference with business; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) violation of the "Kansas Invasion of Privacy Act;" (7) common law invasion of privacy; (8) intentional infliction of emotional distress; (9) unlawful access to stored communication; (10) unlawful search and seizure; (11) breach of privacy; (12) violation of the Stored Communications Act; (13) violation of the Computer Fraud and Abuse Act; (14) violation of the Federal Wiretap Act; (15) violation of "the (OPPA) 18 U.S.C. §§ 2171 through 2125;" (16) violation of the Electronic Communications Privacy Act; (17) violation of "the (PPA) 42 U.S.C. [§] 2000aa;" (18) "unlawful access to stored communications [under] 18 U.S.C. § 2701 [and] 42 U.S.C. § 1983;" (19) unjust enrichment; (20) trespass and conversion; (21) conspiracy; (22) negligent release of confidential information; (23) negligent infliction of emotional distress; (24) statutory and simple negligence; (25) violation of the Kansas Consumer Protection Act; (26) violation of the Fourth Amendment; and (27) denial of liberty without due process of the law.

*Id*. at Doc. 36, at 2.  The Court stated that Plaintiff asserts that he is the "founder and principal" of Novelte Food Group, Inc." who entered into a commercial leasing agreement with Ford "for the purchase and acquisition of 'commercial vehicles' and related equipment for use in interstate commerce." *Id*.

The Court found that Plaintiff failed to respond to the motion to dismiss regarding all claims except Plaintiff's claim against Ford for breach of contract and Plaintiff's claim against Price and Doe for tortious interference with contract.  *Id*. at 6–7.  Therefore, the Court found that Plaintiff abandoned the remaining claims and granted the motion to dismiss those claims.  *Id*.  The Court also found that Plaintiff failed to respond to the motion by Price and Doe to dismiss the breach of contract claim and granted the motion to dismiss those claims.  *Id*. at 8.

Regarding the breach of contract claim against Ford, the Court held that:

> Here, Ford claims that Plaintiff has failed to allege that he is a party to the contract and, therefore, fails to plausibly state a breach of contract claim. In the attachment accompanying the Complaint, Plaintiff only alleges that Novelte and Ford entered into a commercial leasing agreement. Nonetheless, Plaintiff argues he was an intended party of the contract because he is "founder and principal" of Novelte. However, Novelte is a corporation and there are no allegations that it acts as Plaintiff's agent. Therefore, Plaintiff's assertion that he is a party to the contract is misguided. Plaintiff is not an intended party of the contract.

*Id*.  The Court also found that "Plaintiff's factual allegations do not plausibly indicate that he was intended to be a third-party beneficiary of a contract between Novelte and Ford. As a result, Plaintiff fails to state a plausible breach of contract claim against Ford." *Id*. at 9.  The Court also held that "Plaintiff does not plausibly allege a claim of tortious interference with contract against Price and Doe." *Id*. at 10.

The Court in Case No. 23-3081 also granted the motion to dismiss filed by Ford Global Technologies for lack of personal jurisdiction, and granted the motion construed as a motion for

judgment on the pleadings filed by Shawnee Mission Ford. *Id*. at Doc. 40 (finding that Shawnee Mission Ford was entitled to judgment for failure to plead sufficient facts to support a cause of action). The Court noted that "[t]he parties do not clearly articulate Ford Global's domicile; however, it appears that Ford Global is located in Detroit, Michigan or in any event not Kansas." *Id*. at n. 26. The Court held that it did not have general or specific jurisdiction over Ford Global. *Id*. at 8–12 ("the Court lacks personal jurisdiction over Ford Global under both the effects test and the conspiracy test").

"[T]he preclusive effect given in federal court to a prior federal decision is subject to federal law." *Matosantos Comm. Corp. v. Applebee's Intern., Inc.*, 245 F.3d 1203, 1207 (10th Cir. 2001). To the extent Plaintiff's claims rely on issues previously decided by this Court, they are barred by collateral estoppel. The Tenth Circuit's collateral estoppel requirements are: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Id*. (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)).

Plaintiff names these same defendants in his current case, and bases his claims on NFG's contracts. Plaintiff should show good cause why collateral estoppel does not apply to bar his current claims.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** this Plaintiff shall have until **April 21, 2025,** in which to show good cause, in writing to the undersigned, why his Complaint should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**IT IS SO ORDERED**.

Dated March 19, 2025, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE