IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BEAURMONT CORTISHAE-ETIER,      )
                                )
                     Plaintiff, )
                                )
          v.                    )        Case No. 24-3237-JWL
                                )
FORD MOTOR COMPANY, et al.,     )
                                )
                    Defendants. )
                                )
_____ )


**<u>MEMORANDUM AND ORDER</u>**

Plaintiff brought this civil action *pro se* under 42 U.S.C. § 1983 against Ford Motor Company ("Ford") and other defendants.  Because plaintiff, presently a prisoner, is proceeding in this action *in forma pauperis*, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) to see whether it states a proper claim for relief.  By Memorandum and Order to Show Cause of March 19, 2025, the Court concluded that plaintiff had not stated a timely claim over which the Court could exercise federal jurisdiction that was not precluded by a prior judgment against plaintiff; and the Court ordered plaintiff to show cause why the case should not be dismissed on that basis.  *See Cortishae-Etier v. Ford Motor Co.*, 2025 WL 859847 (D. Kan. Mar. 19, 2025) (Lungstrum, J.) (*Cortishae-Etier II*). After receiving one extension of time, plaintiff filed a response to the show-cause order. The Court concludes that plaintiff has failed to show that he has stated a cognizable claim for relief in his complaint over which this Court should exercise jurisdiction; accordingly,

the Court **dismisses** this action.  In addition, plaintiff's motion to substitute (Doc. # 13) is hereby **denied as moot**.

## I.    <u>Background</u>

As discussed in the Court's prior order, plaintiff names as defendants Ford, Ford Global Technologies, Ford CIRT, Ford Investigations, Ford Motor Credit, Shawnee Mission Ford, Edwin Price, and John Doe.  Plaintiff asserts claims of negligence and unjust enrichment in two counts in his form complaint, and in a separate complaint attached to the form, plaintiff lists 28 separate additional claims under state and federal law.  The claims appear to stem from plaintiff's allegation that his company, Novelte Food Group ("Novelte"), suffered harm from the improper collection and disclosure of geo-locational data from Novelte's vehicles.

## II.    <u>Federal Jurisdiction</u>[1]

In his complaint, plaintiff asserts federal jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  In its prior order, the Court concluded that any claim under those statutes is subject to dismissal because defendants are private actors, not governmental actors, and plaintiff has not alleged any facts to support an allegation that defendants acted under color of state law or engaged in state action.  *See Cortishae-Etier II*, 2025 WL 859847, at *4.

---

[1] The court applies the standards set forth in its prior order concerning its screening of a complaint under Section 1915, its consideration of a *pro se* complaint, and its determination whether plaintiff has stated a cognizable claim for relief.  *See Cortishae-Etier II*, 2025 WL 859847, at *3.

Plaintiff has not addressed this deficiency in response to that order. Accordingly, any claims under those statutes are hereby dismissed for the reasons discussed in the prior order.

Plaintiff also appears to assert federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's list of 28 additional claims appears to include various claims under federal statutes and the Constitution, including claims for violating the Stored Communications Act, the Computer Fraud and Abuse Act, the Federal Wiretap Act, the "OPPA", the Electronic Communications Privacy Act, the Privacy Protection Act, 18 U.S.C. § 2701, the Fourth Amendment, and the Due Process Clause. In its prior order, the Court noted that claims under two of those statutes, the Computer Fraud and Abuse Act (CFAA) and the Electronic Communications Privacy Act (ECPA), which plaintiff had mentioned in the body of his complaint (beyond merely including them in the list of claims), would appear to be barred by the applicable two-year limitations periods. *See Cortishae-Etier II*, 2025 WL 859847, at *5. In his response, plaintiff argues that various limitations periods should be tolled because of defendants' fraudulent concealment and the delay in his discovery of the causes of action. Accordingly, the Court declines to dismiss any federal claims as time-barred at this screening stage, and therefore the Court may exercise federal question jurisdiction over plaintiff's claims arising under federal law.

In its prior order, the Court noted that it would ordinarily decline to exercise supplemental jurisdiction over state-law clams under 28 U.S.C. § 1367. *See Cortishae-Etier II*, 2025 WL 859847, at *5. Because plaintiff cannot state a cognizable claim under

federal law in this case, as discussed below, the Court declines to exercise supplemental jurisdiction over any state-law claims.[2]

### III.    Claim and Issue Preclusion

In its prior order, the Court stated that plaintiff's claims would be subject to dismissal on the basis of claim and issue preclusion, arising from the judgment against plaintiff in a similar case in this district, involving the same claims against almost all of the same defendants. *See Cortishae-Etier II*, 2025 WL 859847, at *6-7. Claim preclusion or res judicata, which prevents the relitigation of legal claims included in a prior judgment, requires three elements: "(1) a final judgment on the merits in a prior action; (2) the identity (i.e., sameness) of parties or their privies in the prior and instant suits; and (3) the identity of the cause of action in both suits." *See Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229 (10th Cir. 2025) (citations and internal quotations omitted).

In the prior action, the court identified 27 claims asserted by plaintiff, including all of the same federal claims asserted in the present action. *See Cortishae-Etier v. Ford Motor Co.*, 2023 WL 5625311, at *1 (D. Kan. Aug. 31, 2023) (Melgren, J.). The court granted motions to dismiss filed by defendants Ford (including Ford CIRT and Ford Investigations), Price, and Doe. *See id.* at *1 & n.1. The court held that plaintiff had abandoned (by failing to address) all claims except two; that plaintiff had failed to state a claim for breach of contract against Ford (as plaintiff had not alleged that he was a party to

---

[2]  In addition, plaintiff's state-law claims are generally precluded by the judgment against him in his previous case, as discussed below, as they were also asserted in that case.

the contract involving his company, Novelte, or that he was an intended third-party beneficiary); and that plaintiff had failed to state a plausible tortious interference claim against defendants Price and Doe. *See id.* at *3-5. In a subsequent order in the prior action, the court held that it lacked personal jurisdiction over defendant Ford Global Technologies, and that plaintiff had failed to plead facts to state a plausible cause of action against defendant Shawnee Mission Ford. *See Cortishae-Etier v. Ford Global Technologies, LLC*, 2024 WL 663395, at *3-6 (D. Kan. Feb. 16, 2024) (Melgren, J.). Based on those two orders, the prior action was dismissed, and judgment was entered against plaintiff on all of his claims asserted therein.

In his response to the show-cause order, plaintiff argues that issue preclusion or collateral estoppel should not apply because different standards may apply to some of his state-law claims in the present action. Plaintiff has not provided any reason, however, why claim preclusion should not bar his present assertion of the same claims – including the same federal causes of action – against the same defendants. With respect to six of the defendants involved in the present suit – Ford, Ford CIRT, Ford Investigations, Price, Doe, and Shawnee Mission Ford – plaintiff asserted the same federal claims against the same defendants, and a judgment was rendered on the merits against plaintiff on those claims.[3] Accordingly, any federal claims against those defendants in the present suit are hereby dismissed.

---

[3]  *See* Fed. R. Civ. P. 41(b) (any involuntary dismissal of claims other than one based on jurisdiction, venue, or a failure to join operates as an adjudication on the merits).

Plaintiff has again named Ford Global Technologies as a defendant in the present action. As noted, the court in the prior action dismissed that defendant for lack of personal jurisdiction. The Tenth Circuit has recognized that although such a dismissal does not have res judicata effect, it does still have collateral estoppel or issue preclusion effect. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209-10 (10th Cir. 2001). In his response, plaintiff has not addressed this ruling by the prior court or the issue of personal jurisdiction over this defendant. Plaintiff may not relitigate the issue of personal jurisdiction over defendant Ford Global Technologies. Accordingly, the Court dismisses any claims asserted against that defendant.

The Court notes that plaintiff has recently moved to substitute himself as trustee for Novelte's owner as plaintiff in this case. Any such substitution would not affect application of claim or issue preclusion, however, as plaintiff as trustee would clearly remain in privity to plaintiff as a party individually. Moreover, plaintiff has not explained in the motion how any such substitution would address the problem of standing noted by the prior court, as the asserted claims appear to belong to Novelte, a separate corporate entity. Accordingly, the Court denies the motion to substitute as moot in light of the dismissal of all claims in the case.

## IV.    Remaining Claims Against Ford Motor Credit

With the dismissal of all federal claims against seven defendants, there remains only the federal claims against defendant Ford Motor Credit, who was not included as a party in the prior action. Plaintiff has not stated a proper claim against that defendant in his

6

complaint, however.  Although plaintiff has cited several federal statutes in his list of 28 additional claims, he only makes allegations concerning a couple of those statutes.  In both his complaint and his show-cause response, plaintiff mentions a claim under the Stored Communications Act, but he states that that claim is asserted against defendants Ford and Ford Global Technologies.  Similarly, plaintiff includes a brief section in the complaint and his response concerning his claim under the Computer Fraud and Abuse Act, but he states that that claim is asserted against the individual defendants (i.e., Price and Doe).  The complaint also contains a mention of the Electronic Communications Privacy Act asserted against "defendants" generally.  Plaintiff has not alleged any facts, however, to support a claim specifically against defendant Ford Motor Credit under any particular federal statute. Accordingly, any remaining federal claim against that defendant is hereby dismissed for failure to state a claim upon which relief may be granted.[4]

IT IS THEREFORE ORDERED BY THE COURT THAT this action is hereby **dismissed**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's motion to substitute (Doc. # 13) is hereby **denied as moot**.

---

[4]  Again, with the dismissal of all federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims, which are therefore dismissed.

IT IS SO ORDERED.

Dated this 11th day of August, 2025, in Kansas City, Kansas.

<u>/s/   John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge